UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11-80567-CIV-DIMITROULEAS

DEANNA HOLMES, on her own behalf and
others similarly situated,

    Plaintiff,

v.

QUEST DIAGNOSTICS, INCORPORATED,
a Delaware Corporation,

    Defendant.
_____/

## SECOND AMENDED COMPLAINT

1.    Plaintiff, DEANNA HOLMES (hereinafter referred to as "Plaintiff"), was an employee of Defendant, QUEST DIAGNOSTICS, INCORPORATED, a Delaware Corporation (hereinafter referred to as "Defendant"), and brings this action on behalf of herself and other current employees and former employees of Defendant similarly situated to her for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

2.    In one or more work weeks during the three (3) year statute of limitations period between approximately May 2008 and February 2009, Plaintiff performed non-exempt duties as a phlebotomist at several of Defendant's locations in Palm Beach County, Florida.

3.    Defendant, QUEST DIAGNOSTICS, INCORPORATED, a Delaware Corporation with its headquarters in Madison, New Jersey, is of one of the largest diagnostic and testing companies in the world, providing, *inter alia*, in-office phlebotomy services at more than 2,000 patient service centers throughout the United States, including at multiple locations in Florida. It

is the intent of this collective action to apply to all similarly situated employees of Defendant regardless of location.

4. This action is brought to recover from Defendant overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b).

5. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C.§216(b).

6. At all times material to this Complaint, QUEST DIAGNOSTICS, INCORPORATED has had two (2) or more employees who have regularly handled and/or otherwise worked with goods and/or materials that had been moved in or produced for commerce.

7. Based upon information and belief, the annual gross sales volume of QUEST DIAGNOSTICS, INCORPORATED was in excess of $500,000.00 per annum at all times material hereto.

8. At all times material to this Complaint, QUEST DIAGNOSTICS, INCORPORATED has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9. The additional persons who may become Plaintiffs in this action are Defendant's current and former non-exempt employees, however so titled, who have worked in excess of Forty (40) hours during one or more work weeks for Defendant at any location nationwide on or after approximately May 2008 and who did not receive their overtime rate of pay for all of their overtime hours within such workweeks as a result of Defendant failing to accurately track and compensate employees for all of their overtime hours worked between their actual start times and actual start times, including: (a) Defendant's policy or practice of regularly making deductions for purported

meal breaks despite Plaintiff and the others similarly situated employees not actually taking bona fide meal breaks; and (b) Plaintiff and the other similarly situated employees performing off the clock work for Defendant.

10. During the three (3) year statute of limitations period between approximately May 2008 and February 2009, Plaintiff regularly worked in excess of Forty (40) hours per week in the course of her employment with Defendant.

11. Likewise, the other employees similarly situated to Plaintiff have regularly worked in excess of Forty (40) hours in one or more work weeks during their employment with Defendant between May 2008 and the present.

12. However, Defendant has not paid time and one-half wages for all of the overtime hours worked by Plaintiff and the other employees similarly situated to her in one or more work weeks between May 2008 and the present as a result of Defendant, *inter alia*, failing to accurately track and compensate employees for all of their overtime hours worked between their actual start times and actual start times each day within the statute of limitations period, including: (a) Defendant's policy or practice of regularly making deductions for purported meal breaks despite Plaintiff and the others similarly situated employees not actually taking bona fide meal breaks; and (b) Plaintiff and the other similarly situated employees performing off the clock work for Defendant.

13. During the three (3) year statute of limitations period between approximately May 2008 and February 2009, Plaintiff regularly worked five (5) to six (6) days per week between approximately 7:00 a.m. and 4:00 p.m. on weekdays and between approximately 8:00 a.m. and 12:00 a.m.

14.     Between approximately May 2008 and February 2009, Defendant paid Plaintiff based upon an applicable regular rate of approximately $14.78/hour but failed to compensate Plaintiff at time and one-half her applicable regular rate for all of her actual hours worked in excess of Forty (40) hours per week.  More specifically, based upon Defendant failing to compensate Plaintiff for an average of approximately Three (3) overtime hours per week as a result of Plaintiff not taking uninterrupted meal breaks, as well as Defendant failing to compensate Plaintiff for an average of approximately Six (6) overtime hours per week for work Plaintiff performed off the clock, if Plaintiff's overtime wages are determined to be due and owing at the rate of $22.17/hour [$14.78/hour x 1.5 = $22.17/hour], Plaintiff's unpaid overtime wages total $7,981.20 [$22.17/hour x 9 unpaid OT hours/week x 40 weeks = $7,981.20].

15.     Based upon information and belief, Defendant has failed to maintain records of the actual start times, stop times, bona fide meal break times, total hours actually worked each day, and total number of hours actually worked each week by Plaintiff and the other similarly situated employees during three (3) year statute of limitations period between May 2008 and the present.

16.     The complete records concerning the compensation actually paid to Plaintiff and the other similarly situated employees to Plaintiff are in the possession, custody, and/or control of Defendant.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

17.     Plaintiff readopts and realleges the allegations contained in Paragraphs 1 through 16 above.

18. Plaintiff is entitled to be paid time and one-half of her regular rate of pay for each hour she worked for Defendant in excess of Forty (40) hours per work week between approximately May 2008 and February 2009.

19. All similarly situated employees of Defendant are similarly owed their overtime rate for each overtime hour they worked and were not properly paid by Defendant between May 2008 and the present.

20. Defendant knowingly and willfully failed to pay Plaintiff and the other employees similarly situated at time and one-half of their regular rate of pay for all hours worked in excess of Forty (40) per week within one or more weeks during the three (3) year statute of limitations period between May 2008 and the present.

21. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those similarly situated to her) have suffered damages plus incurring costs and reasonable attorneys' fees.

22. As a result of Defendant's willful violations of the Act, all Plaintiffs (the named Plaintiff and those similarly situated to her) are entitled to liquidated damages.

23. Plaintiff demands a jury trial.

24. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

WHEREFORE, Plaintiff, DEANNA HOLMES, and those similarly situated to her who have or will opt into this action, demands judgment against Defendant, QUEST DIAGNOSTICS, INCORPORATED, for the payment of all overtime hours at one and one-half their regular rate of

pay due them for the hours worked by them for which they have not been properly compensated, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

Dated: July 18, 2011                               Respectfully submitted,
       Boca Raton, Florida

                                             **s/KEITH M. STERN**
                                             Gregg I. Shavitz
                                             Florida Bar No. 11398
                                             E-mail: gshavitz@shavitzlaw.com
                                             Keith M. Stern
                                             Florida Bar No. 321000
                                             E-mail: kstern@shavitzlaw.com
                                             SHAVITZ LAW GROUP, P.A.
                                             1515 S. Federal Highway, Suite 404
                                             Boca Raton, Florida 33432
                                             Telephone: (561) 447-8888
                                             Facsimile:  (561) 447-8831
                                             Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

       I hereby certify that on July 18, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

                                             **s/KEITH M. STERN**
                                             Keith M. Stern

**SERVICE LIST**
**Deanna Holmes v. Quest Diagnostics Incorporated**
**CASE NO.: 11-80567-CIV-DIMITROULEAS**
**United States District Court, Southern District of Florida**

Kelly H. Kolb, Esquire
Florida Bar No. 0343330

Heather B. Brock, Esquire
Florida Bar No.: 0003182
FOWLER WHITE BOGGS P.A.
1200 East Las Olas Boulevard, Suite 400
Fort Lauderdale, Florida 33301
Telephone: (954) 703-3930
Facsimile: (954) 707-4548
Email: *hbrock@fowlerwhite.com*
Email: *kelly.kolb@fowlerwhite.com*
Attorneys for Defendant, QUEST DIAGNOSTICS INCORPORATED
Served via CM/ECF