UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 11- 80567-CIV-WILLIAMS

DEANNA HOLMES, on her own behalf and
others similarly situated,

    Plaintiff,

v.

QUEST DIAGNOSTICS, INCORPORATED,
a Delaware Corporation,

    Defendant.
_____/

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR CONDITIONAL
CERTIFICATION OF A COLLECTIVE ACTION [D.E. 91]**

Plaintiffs hereby file their Reply in support of their Motion for Conditional Certification of a Collective Action ("Motion") [D.E. 91], and state:

**I. INTRODUCTION**

Conditional certification should be granted. Indeed, **many of the cases cited by *Defendant* actually support *Plaintiffs'* position because in those cases the courts *granted* conditional certification**, often on a **nationwide** basis, as sought here.[1]

Moreover, as its primary tool in opposing Plaintiffs' Motion, Defendant filed numerous declarations.[2] D.E. 97-1, 97-2. However, these declarations, which attempt to oppose the merits of Plaintiffs' evidence, are unavailing as such tactics are improper at this stage of the litigation:

---

1 *See, Reyes v. AT & T Mobility Services LLC,* 801 F.Supp.2d 1350 (S.D. Fla. 2011) (cited by Defendant at D.E. 96 at p. 7, fn. 33; and **granting nationwide** conditional certification of an FLSA collective action); *Cabrera v. UPS Supply Chain Solutions*, 2011 U.S. Dist. Lexis 34611 (S.D. Fla. Mar. 31, 2011) (cited by Defendant at D.E. 96 at p. 16, n. 98; p. 18, n. 110, and **granting nationwide** conditional certification of FLSA collective action); *Simpkins v. Pulte Corporation*, 2008 U.S Dist. Lexis 64270 (M.D. Fla. Aug. 21, 2008) (cited by Defendant at D.E. 96 at p. 5, fn. 20; and **granting nationwide** conditional certification of an FLSA collective action); *Pomareda v. Homebridge Mortgage Bankers Corp.*, 2007 U.S. Dist. Lexis 12572 (S.D. Fla. Feb. 22, 2007) (cited by Defendant at D.E. 96 at p. 6, n.23; p. 7; p. 7, n. 35; p. 12, n. 72; and **granting** conditional certification); *Mancuso v. Florida Metropolitan University Inc.*, 2010 U.S. Dist. Lexis 70532 (S.D. Fla. June 24, 2010) (cited by Defendant at D.E. 96 at p. 9, n. 46; p. 15, n. 89; p. 17, n. 104; p. 18, n. 107; p. 20, n. 119, and **granting** conditional certification).

2 Defendant filed 50 Declarations. D.E. 97-1, 97-2.

1

> Similar to strategies commonly and expectedly used by employers named as defendants in collective action overtime wag lawsuits, Defendant's attempt, in effect, to seek a factual determination on the similarly situated question by presenting a vast amount of affidavit evidence "**demonstrates a fundamental misunderstanding of the nature of the proceedings at this stage of the litigation**.". . . In keeping with the practical approach which **shuns credibility battles at the first stage** . . . the individual factual analysis is saved for the second stage of certification.

*Reyes*, 801 F.Supp.2d 1350, 1357-58 (S.D. Fla. Jan. 10, 2011), *magistrate's report and recommendation adopted*, 801 F.Supp2d 1350 (S.D. Fla. Feb. 28, 2011) (internal citations omitted) (emphasis added). When the Court evaluates Plaintiff's evidence under the Eleventh Circuit's standards, conditional certification should be granted.

## II. PLAINTIFFS' EVIDENCE SATISFIES THE TWO PRONGS OF *HIPP*

### A. PRONG ONE: THE MEMBERS OF THE PUTATUVE COLLECTIVE CLASS ARE SIMILARLY SITUATED

Unquestionably, Plaintiffs have offered more than sufficient evidence to establish a reasonable basis for finding that they and the other phlebotomists are similarly situated. Specifically, Plaintiffs have offered sufficient competent evidence that the similarly situated members of the putative class all performed phlebotomy duties for Defendant. *See e.g*, D.E. 92-2, p. 1, ¶ 4.[3] In addition, Plaintiffs have offered competent evidence that they all were subject to "policies and practices" which were "widespread and common" at locations across the United States requiring Plaintiffs to perform off-the-clock work for the benefit of Defendant. *See e.g.*, D.E. 92-2, p. 1, ¶ 6. Further, Plaintiffs have offered sufficient competent that they were hourly paid employees. *See e.g.*, D.E. 92-2, p. 1, ¶ 3. Most importantly, Plaintiffs have offered sufficient competent evidence that they all were subject to the same FLSA violations. *See e.g.*, D.E. 92-2, p. 1, ¶¶ 7, 8, 10, 11, 14, 15.

Employees are similarly situated and conditional certification should be granted where, as here, the employees allege, and offer sufficient evidence of, a policy or practice of off-the-clock violations.[4] *See*, *Robinson v. Ryla Teleservices, Inc.,* 2011 U.S. Dist. Lexis 14727 (S.D. Ala.

---

[3] While the citations are to the Declaration of the named Plaintiff, DEANNA HOLMES, this citation is merely illustrative, given that her testimony is consistent with the Declarations of the twenty-four Opt-In Plaintiffs who similarly testified in support of conditional certification. *See generally*, D.E. 92-2.

[4] In addition, as noted in Plaintiffs' initial Motion [D.E. 91 at 10], employees are similarly situated and cases should be conditionally certified where an employer had a common policy of encouraging overtime work to meet performance targets while strictly limiting the number of overtime hours that could be recorded. *See, e.g.*, *Winfield*

2

2011); *Kerce v. West Telemarketing Corp.*, 575 F.Supp.2d 1354 (S.D. Ga. May 21, 2008); *Longcrier v. HL-A Co.,* 595 F.Supp. 2d 1218, 1238 (S.D. Ala. Dec. 9, 2008).[5]  In so ruling, these courts have rejected the type of contentions raised by Defendant here regarding individual inquiries regarding duties, procedures and supervisors. *See id.*  Importantly, at this stage, Plaintiffs need not *prove* the off-the-clock violations, as Defendant suggests. *Laos v. Grand Prize Motors, Inc*., 2012 U.S. Dist. Lexis 29118, *9 (S.D. Fla. Mar. 6, 2012); *Kerce*, 575 F.Supp2d at 1358, 1363. Rather than focusing on the ultimate issue of Defendant's liability, the conditional certification analysis focuses on whether Plaintiffs have met the lenient standard for conditional certification. *Reyes, supra,* at *19.

Defendant's attempt to demonstrate that Plaintiffs' evidence is "wrong" must fail.  *Id*. Indeed, Defendant's burden is to demonstrate that Plaintiffs' evidence is insufficient, not wrong. *Id*. However, Defendant has failed in its burden. Contrary to Defendant's suggestion, Plaintiffs and the putative class members need **not** occupy **identical** positions.  *Hipp v. Liberty National Life Insurance Co.,* 252 F.3d 1208, 1217-18 *11th Cir. 2001).  Plaintiffs clearly have satisfied the requirement that they occupied similar positions and were subject to similar violations. *See supra.*

Notably, Defendant does **not** deny that all of the permutations of phlebotomists they propose [D.E. 96 at 3-4] are, in fact, phlebotomists performing the similar primary duty of obtaining specimens.  Indeed, Defendant itself utilizes the **same** job description – including qualifications and duties – for phlebotomists: Job Description: Phlebotomy Services Rep I, Basic Purpose: "perform[ing] daily activities of the Patient Service Center/Mobile/In-office Phlebotomy." www.questdiagnostics.in/pdf/phlebotomist/pdf.

Moreover, the asserted variations in duties which Defendant highlights are **inconsequential** for purposes of the conditional certification analysis.  *See, Reyes*, 801

---

*v. Citibank, N.A.*, 2012 WL 423346, at *4-5 (S.D.N.Y. Feb. 9, 2012); *Levy v. Verizon Info. Servs., Inc.*, 2007 WL 1747104, at *2, *4 (E.D.N.Y. June 11, 2007); *Burkhart-Deal v. Citifinancial, Inc.*,  2010 WL 457127, at *2 (W.D. Pa. Feb. 24, 2010).

5 *See also*, *Lawson v. BellSouth Telecommunications Inc*., 2011 U.S. Dist. Lexis 91322 (N.D. Ga. Aug. 16, 2011); *Brown v. Maximum Efficiency Squared, LLC*, 2008 U.S. Dist. Lexis 35608 (M.D. Ala. Apr. 30, 2008); *Daniel v. Quail International Inc*., 2008 U.S. Dist. Lexis 61013 (M.D. Ga. Aug. 11, 2008); *King v. CVS/Caremark Corp*., 2007 U.S. Dist. Lexis 99023 (S.D. Fla. 2007); *see additionally*, *Ohsann v. L.V. Stabler Hospital*, 2008 U.S. Dist. Lexis 47074 (M.D. Ala. June 17, 2008); *Anderson v. Perdue Farms, Inc*., 2008 U.S. Dist. Lexis 13918 (M.D. Ala. Feb. 25, 2008); *Carmody v. Florida Center for Recovery Inc*., 2006 U.S. Dist. Lexis 81640 (S.D. Fla. 2006).

3

F.Supp.2d at 1357 (disregarding defendant's contentions that the putative class "actually encompasses three separate jobs with different duties," when in fact plaintiff had provided sufficient evidence that the putative class members are similarly situated); *Sealy v. The Keiser School Inc.*, 2011 U.S. Dist. Lexis 15269, *6  (S.D. Fla. Nov. 8, 2011) (duties of the members of the putative collective class must be similar, but need not "mirror" each other); *Longcrier,* 595 F.Supp. 2d at 1238 (defendant's contention that the proposed class members "cover a wide range of job titles, duties, pay ranges, and supervisors" provided no basis for denying conditional certification). Instead of Defendant's focus on meaningless nuances in job titles or duties, "[t]he critical inquiry for defining the scope of the class is whether all included prospective class members are similarly situated, meaning that they are all collectively victims of a single policy or plan." *Longcrier*, 595 F.Supp.2d at 1234.  Here, Plaintiffs unquestionably have provided the Court with more than sufficient evidence that they were subject to "policies and practices" which were "widespread and common" requiring phlebotomists in different States throughout the country to perform off-the-clock work for the benefit of Defendant. *See e.g.*, D.E. 92-2, p. 1, ¶ 6.

Similarly, Defendant's declarations from supervisors and human resources officials regarding variations in operations and procedures [D.E. 97-1, p. 000001-000120; D.E. 97-2, p. 000121-000169] fail to defeat conditional certification, in light of Plaintiffs' evidence. *Longcrier*, 595 F.Supp.2d at 1234. Likewise, the minor differences in duties and locations Defendant attempt to draw should not defeat conditional certification where, as here, there is ample evidence to support the similarity among class members. *Cabrera*, 801 F.Supp2d at *14-15 (citing, *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008)).[6]

### B. PRONG 2: OTHERS WILL OPT IN IF PROVIDED NOTICE

In addition to the named Plaintiff, **twenty-nine (29)** similarly situated individuals have opted into this case by filing consents to join.[7]  In addition, Plaintiffs filed more than two dozen

---

6 In addition, with regard to Defendant's contentions regarding the supposed "decentralized" nature of operations [D.E. 96 at 17, 18], along with the alleged differing practices of various supervisors [D.E. 96 at 3, 18], are factual disputes which are not properly raised at this procedural posture.  *See*, *Simpkins, supra; see also,* Part III, *infra*.

7 Defendant's continued assertion that Consents to Join of Opt-In Plaintiffs in this case may have "been impermissibly transferred from unrelated lawsuits" is not only false but in truth nothing more than an inflammatory attempt by Defendant to distract the Court's attention from the real issues before the Court.  In this regard, after Defendant first raised this frivolous claim some ***seven (7) months*** ago in its Motion to Bifurcate filed on November 9, 2011, Plaintiffs' Counsel has repeatedly notified Defendant's Counsel that all Consents to Join for Opt-In Plaintiffs could be reviewed in the offices of Plaintiffs' Counsel.  Nonetheless, despite having had the opportunity to review the Consents first-hand over the past two hundred days, Defendant has undertaken no such review and

Declarations.  Both of these factors have been found to be more than sufficient to demonstrate the interest of similarly situated in joining the litigation.  *See, Reyes*, 801 F.Supp.2d at 1356 (finding eight declarations sufficient to show interest in joining); *Sealy, supra*, at *7 (eight additional opt-ins demonstrated that others would join); *Laos, supra*, at *11, 16 (S.D. Fla. Mar. 6, 2012) (plaintiff's Consent to Join, plus those of two other opt-ins were sufficient to demonstrate that others desire to opt-in); *Posada v. Page Brothers Associates, Inc*., 2010 U.S. Dist. Lexis 18221 (S.D. Fla. Feb. 10, 2010) (twelve affidavits and twenty-two consents to join sufficient); *see also, Bennett v. Advanced Cable Contractors, Inc*., 2012 U.S. Dist. Lexis 63605, *42  (N.D. Ga. May 7, 2012) (finding fourteen consents to join to be sufficient to establish that other employees wish to opt into the case); *Robinson, supra*, at *11 (finding thirteen declarations sufficient); *Kerce*, 575 F.Supp.2d at 1365 (nineteen opt-in plaintiffs demonstrates sufficient interest in joining the collective action); *Tyler v. Payless Shoe Source, Inc*., 2005 U.S. Dist. Lexis 31682 (M.D. Ala. Nov. 23, 2005) (three consents to join sufficient to satisfy this prong).  Moreover, the language of the Declarations stating that others will join if provided notice, has been found to be sufficient. *Wynder v. Applied Card Systems, Inc*., 2009 U.S. Dist. Lexis 100596 (S.D. Fla. 2009); *Bell v. Mynt Entertainment*, LLC, 223 F.R.D. 680, 683 (S.D. Fla. 2004).[8]

### III. DEFENDANT'S ATTEMPTS TO ENGAGE THE MERITS ARE UNAVAILING

In evaluating request for conditional certification, courts consistently have refused to consider factual disputes raised by the defendants via counter-affidavits.[9]  *Reyes*, 801 F.Supp.2d at 1357-58; *Pendlebury v. Starbucks Coffee Co*., 2005 U.S. Dist. Lexis 574 (S.D. Fla. Jan. 3, 2005); *Kerce*, 575 F.Supp2d at 1363.  In order to adopt Defendant's argument that Plaintiffs are not similarly situated, "the Court would have to indulge in a fact finding determination on the merits, which is improper at this stage of the litigation." *Henderson v. Holiday CVS LLC*, 2010

---

instead merely continues to make irresponsible representations to the Court.  Further, Defendant's related assertions that three (3) Opt-In Plaintiffs did not retain Plaintiffs' Counsel and that one (1) Opt-In Plaintiff did not work for Defendant are likewise erroneous.

8 Plaintiffs acknowledge that there is a split of authority within the Southern District of Florida as to whether this language is sufficient.  However, based upon the other evidence demonstrating that other similarly situated employees would join if given notice, *see supra*, the Court does not need to resolve the conflict.

9 Further discovery may demonstrate that Defendant's obtaining counter-declarations from current employees was coercive.  Under such circumstances, the counter-declarations should be stricken. *Longcrier v. HL-A Co.*, 595 F.Supp.2d 1218 (S.D Ala. Jan. 23, 2009); *see also, Kleiner v. First National Bank of Atlanta*, 751 F. 2d 1193 (11th Cir. 1985).

U.S. Dist. Lexis 53604 (S.D. Fla. May 10, 2010).  Any debate over the merits of the case is premature at this juncture.  *Pendlebury, supra*, at *10-11.

*Longcrier, supra*, is particularly instructive. Like the instant case, *Longcrier* involved a collective action for overtime wages based upon off-the-clock work, both pre- and post-liminary, as well as during lunch. The defendant in *Longcrier*, like Defendant here, filed numerous counter-declarations opposing conditional certification. In conditionally certifying the collective action, the *Longcrier* court rejected this tactic:

> to the extent that Defendant would have this Court make credibility determinations concerning the veracity of the 30 declarations [filed by the plaintiffs], **it is manifestly inappropriate to do so at this juncture**.

*Longcrier,* 595 F.Supp2d at 1237-38 (emphasis added).

Moreover, at this stage of the litigation, the Court simply cannot entertain Defendant's claims (however baseless) [*see e.g*., D.E. 96 at 12] that the Declarations are false.  *Laos, supra,* at *9 ("The Defendants' denials and counter-assertions do not change the fact that Laos has presented detailed allegations, supported by affidavits, which provide a reasonable basis for liability against Defendant on a class-wide basis."). Defendant's use of declarations from other phlebotomists which challenge Plaintiffs' assertions regarding off-the-clock work [D.E. 97-2, at pp. 000174-000229] fails to appreciate that "a decision to conditionally certify a collective action under the FLSA is **not** a decision relating to liability against the Defendants." *Id*. (emphasis added); *Kerce*, 575 F.Supp2d at 1358, 1363.[10]

The *Longcrier* court described the futility of Defendant's tactic of using a barrage of counter-affidavits:

> Defendant would have this Court impose on Plaintiffs a degree of exhaustive precision at this stage that the law does not. . . . By the same token, HL-A's contention that it "has no common practice of interrupting lunch breaks" . . . falls flat because it disregards the allegations of the Amended Complaint and the 30 declarations that are to the contrary. Defendants' suggestion that Plaintiffs have failed to show any similarity among putative class members with regard to "off-the-clock" work likewise ignores the Amended Complaint and the 30 declarations that say otherwise.
> . . .

---

[10] With regard to Defendant's specific contentions, regarding the supposed "decentralized" nature of operations [D.E. 96 at 17, 18], along with the alleged differing practices of various supervisors [D.E. 96 at 3, 18], are factual disputes which are not properly raised at this procedural posture.

> While HL-A has aggressively attacked Plaintiffs' factual showing in myriad respects . . . Plaintiffs have readily satisfied their minimal burden for conditional certification. . . .

*Longcrier*, 595 F.Supp2d at 1237-38, 1242.[11]  This Court likewise should reject Defendant's counter-evidence as inapplicable at this stage of the litigation.

### IV. THE QUALITY AND QUANTITY OF THE DECLARATIONS ARE SUFFICIENT

Defendant's repeated[12] claim that the Declarations are "boilerplate" fails to appreciate that the use of consistent declarations in support of conditional certification "bolsters the conclusion that it is reasonable to believe there exists a similarly situated class of employees." *Reyes*, 801 F.Supp.2d at 1361 (citations omitted). Indeed, the consistency of the Plaintiffs' story further **supports** their assertion of a nationwide policy or practice of denying overtime. *Id*. at 1357. *Bennett v. Advanced Cable Contractors, Inc.*, 2012 U.S. Dist. Lexis 63605 (N.D. Ga. May 7, 2012).

Moreover, Defendant's claims that the Declarations contain mere "beliefs," "opinions," "rank hearsays" or "conclusions" [D.E. 96 at 7, 11, 13, 16] are likewise unavailing. Where, as here, the Declarants were in a position to personally observe the facts to which they aver, the Declarations do not constitute mere "beliefs," "opinions," "rank hearsays" or "conclusions." *Laos, supra,* at *9. Again, *Longcrier* is instructive. In that case, the defendant "maligned" the plaintiff's declarations as "conclusory." The court disagreed, finding that the declarations detailed the off-the-clock work, both pre- and post-liminary and during lunch. *Id*. at 1236-37. The declarations in the instant case are not qualitatively different from those found competent in *Longcrier,* in that the Declarations in the instant case also detail the off-the-clock violation, which were widespread and common at all of Defendant's locations. *Compare*, D.E. 92-2, p. 1, ¶ 6, with *Longcrier*, 595 F. Supp2d at 1236-377, n. 25.

Likewise, the affidavits in *Bennett, supra*, contained information regarding where the affiants worked, how they were paid, and how their overtime rights were violated. *Bennett, supra*, at *41. The court found these affidavits to be sufficient to support conditional

---

11 Moreover, to the extent that a "battle of the affidavits" is even properly considered by the Court (which it is not – *Bennett, supra*, at *41, noting "first stage shuns credibility battles . . "), Plaintiffs have "successfully engaged" Defendant's evidence. *Reyes*, 801 F.Supp.2d at 1359 (finding two affidavits filed by Plaintiff "successfully engaged" the "mass of affidavit evidence" filed by defendant).

12 D.E. 96 at p. 2; p. 7; p. 9, n. 51; p. 11; p. 11, n. 64; p. 13; p. 13, n. 80; p. 16; p. 16, n. 90; p. 20; p. 20, n. 121.

certification, and in so doing rejected the defendant's contentions that the affidavits were "vague" and "cookie-cutter." *Id*. at *40-41. The Declarations in the instant case contain far more detail regarding Plaintiff's duties and compensation, as well as the various ways in which Defendant failed to pay them overtime.[13] D.E. 92-1. Accordingly, these Declarations, like those in Bennett, are not "cookie-cutter." *See also, Simpkins, supra* at *20 (rejecting defendant's claim that declarations in support of conditional certification were cookie-cutter).[14]

Defendant also erroneously takes issue with the number of declarations as a percentage of the potential class. D.E. 96 at p. 9; p. 9, n. 46. Contrary to Defendant's suggestion, "there is no precise formula to determine whether sufficient interest exists." *Kerce*, 575 F.Supp2d at 1365 (citations omitted). So long as the "substantial number of declarations submitted . . . belie Defendant's suggestion that the wage violations were isolated rather than systemic," the quantity of the declarations is sufficient. *Longcrier*, 595 F.Supp2d at 1240. Indeed, courts have granted conditional certification where the plaintiff has filed only two declarations, *see, Dieujuste v. R.J. Electric, Inc*., 2007 U.S. Dist. Lexis 100531 (S.D. Fla. Aug. 21, 2007); or even one declaration, *Guerra v. Big Johnson Concrete Inc*., 2006 U.S Dist. Lexis 58484 (S.D. Fla. May 16, 2006).

## V. DEFENDANT'S CASES ARE DISTINGUISHABLE[15]

Defendant's reliance on *White v. Osmose Inc*., 204 F.Supp.2d 1309 (M.D. Ala. 2002) [D.E. 96 at p. 14, n. 86] and *Davis v. Charoen Pokphand (USA) Inc*., 303 F. Supp. 2d 1272 (M.D. Ala. 2004), is misplaced. Both of those cases arose in a different context. In *White*, the plaintiff had "extensive discovery" regarding the policies and pay provisions at issue and therefore the court applied a more stringent standard than the usually lenient one for conditional

---

13 In fact, the specific type of averment that Defendant advised Plaintiffs that needed to do whatever is necessary to get the job done [*see e.g*., Declaration of Deanna Holmes, 92-1 at ¶ 11] previously has been recognized as a significant and sufficient detail. *Mancuso, supra*, at * 10.

14 Defendant also conveniently disregards the fact that each of the Declarations states "**I make this Declaration based upon personal knowledge**." D.E. 92-1. Defendant similarly ignores the averments of the Declarants stating that the facts were based upon the Declarant's "**personal observations**," "**instructions from management**" (which are admissions against interest, *Laos, supra*, at *18). and "**discussion with other phlebotomists**." *See e.g*., D.E. 92-2 at ¶ 8, 14 (emphasis added).

15 The most obvious distinction in Defendant's case law is the fact that in many of the case Defendant cites, the court **granted** conditional certification, often on a **nationwide** basis, which means that these cases support **Plaintiffs'**, not Defendant's, position. *See*, fn. 1. Moreover, those cases where conditional certification was granted by more limited in scope are readily distinguishable on their facts. *See e.g., Pomareda, supra*, cited by Defendant at D.E. 96 at p. 6, n.23; p. 7; p. 7, n. 35; p. 12, n.72 (conditionally certifying collective action but limiting scope to one office because, unlike the instant case, plaintiff only produced evidence from one office).

8

certification. *White*, 204 F.Supp.2d at 1313, n. 2. In *Davis*, the court noted that the case was in a "slightly different posture than that envisioned in *Hipp* as the first stage" and that therefore "a more searching standard of review was appropriate."). *Davis*, 303 F.Supp2d at 1218.

Likewise, *Cartner v. Hewitt Assoc. LLC*, 2009 U.S. Dist. Lexis 97595, *2 (M.D. Fla. Oct. 7, 2009), upon which Defendant also relies [D.E. 96 at p. 18, n. 107], is also distinguishable. In that case, the plaintiff failed to file "a single affidavit or declaration of consent to join stating that another individual is a similarly situated employee" which the court declared to be fatal to conditional certification. In contrast, in the instant case Plaintiffs filed **over two dozen** Declarations and **twenty-nine** similarly situated Opt-In Plaintiffs have joined the case.

Similarly *Williams v. Accredited Homes Lenders Inc.*, 2006 U.S. Dist. Lexis 50653 (N.D. Ga. 2006), which Defendant repeatedly cites [D.E. 96 at p. 6, n.28; p. 14, n. 86; p. 87, n. 99], also is inapplicable. In that case, the plaintiff failed to allege a policy or practice of requiring off-the-clock work. *Compare with, Robinson, supra*, at n. 3 (distinguishing *Williams* in this basis). Here, the Declarants specific aver that the off-the-clock violations were due to Defendant's "policies and practices, which were widespread and common." *See e.g.,* Declaration of Deanna Holmes, D.E. 92-2 at ¶ 6.

Again, the facts of *Ulysse v. Divosta Building Corporation*, 2006 U.S. Dist. Lexis 89414 (S.D. Fla. Dec. 7, 2006), upon which Defendant also relies [D.E. 96 at p. 7, n. 31, 31, 33, 34; p. 11, n. 70; p. 13, n. 79] simply are inapplicable to the instant case. The evidence in that case indicated that the failure to pay overtime consisted of "infrequent detours from established company policies." *Longcrier*, 595 F.Supp.2d at n. 29. Plaintiffs do not dispute that an isolated failure to pay overtime by an individual supervisor would not justify collective treatment. However, the evidence in the instant case, consisting of Declarations from numerous Plaintiffs working at multiple locations nationwide clearly is categorically different from that presented in *Ulysse*. D.E. 92-1.

Finally, some of Defendant's case law is completely irrelevant because it addresses the decertification stage where the inquiry is admittedly much more stringent. *See, Stone v. First Union Corp.*, 203 F.R.D. 532 (S.D. Fla. 2001) (cited by Defendant at D.E. 96 at p. 6, n. 23. Other cases are distinguishable because a more stringent standard was applied to the conditional certification analysis based upon the advanced state of discovery. *See, Williams, supra.*. Defendant has not requested such a standard be applied here, nor would such a stringent analysis

9

be appropriate. *See, Simpkins, supra* at *16-18 (rejecting more stringent standard for conditional discovery even where some discovery had occurred).

## VI. PLAINTIFFS' FORM OF NOTICE SHOULD BE UTILIZED

The temporal scope of the collective class should be three years. *See e.g., Thomas v. All Year Cooling & Heating Inc.,* 2012 U.S. Dist. Lexis 11831 (S.D. Fla. Feb. 1, 2012); *Sealy, supra*, at *12. Defendant's proposed notice suggests that the temporal scope of the class should be two years. D.E 97-2 at p. 113. However, where, as here, the pleadings allege a willful violation, the Court should approve notice for the three year statute of limitations period. *See, Watkins v. The City of Montgomery*, 2012 U.S. Dist. Lexis 6399 *6 (M.D. Ala. Jan. 19, 2012). As further support, the Declarants collectively worked for Defendant over the entire three years preceding the filing of this lawsuit. D.E. 92-1; D.E. 92-2.

In addition, the geographic scope of the collective class should be nationwide. In *Sealy, supra*, the court found that the inclusion of eight counselors from different campuses required that notice be granted as to all locations. *Sealy, supra,* at *11. Similarly, in *Pendlebury, supra*, the declarations from seven different Starbucks locations in four different states were sufficient to support nationwide notice. *Pendlebury, supra*, at *10. In the instant case, Plaintiffs have produced evidence of phlebotomists who worked at numerous locations throughout fourteen (14) different states, thereby supporting nationwide scope.[16] D.E. 92-1, 92-2.

Moreover, the language proposed by Defendant warning potential opt-in plaintiffs that they will be required to participate in discovery [D.E. 97-2 at 111] is improper because it discourages participation. *Enriquez v. Cherry Hill Marketing Corporation*, 2012 U.S. Dist. Lexis 17036, *7-8 (E.D. N.Y. 2012). Further, Defendant's position that **all** Opt-In Plaintiffs will be required to participate in discovery [D.E. 97-2 at 111] is inaccurate, as is its position that any Opt-In Plaintiffs required to be deposed will have to do so in Fort Lauderdale [D.E. 97-2 at 111]. *Allen v. Sears Roebuck & Co*., 2010 U.S. Dist. Lexis 33080 (E.D. Mi. 2010); *Brasfield v. Source Broadband Services LLC*, 255 F.R.D. 447 (W.D. Tenn. 2008); *see also, Ghandi v. Dell*, 2009 WL 3427218 (W.D. Tex. 2009), *Creten-Miller v. Westlake Hardware Inc*., 2009 U.S. Dist. Lexis 60393 (D. Kan. 2009) (all finding that opt-in plaintiffs should be deposed in the forum where they reside).

---

16  Florida, Texas, Nevada, Ohio, Virginia, Connecticut, Pennsylvania, New Jersey, Minnesota, North Carolina, Washington, Utah, New York, Virginia, and Kentucky.

## VI. CONCLUSION

For all these reasons, Plaintiffs request the entry of an Order granting their Motion for Conditional Certification, as more fully set forth in their Motion, Memoranda, and supporting documents. D.E. 91, 92.

Dated: May 23, 2012　　　　　　　　　　　　　　　Respectfully submitted,
　　　　Boca Raton, Florida

　　　　　　　　　　　　　　　　　　　　　　　　**s/KEITH STERN**
　　　　　　　　　　　　　　　　　　　　　　　　Gregg I. Shavitz
　　　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 11398
　　　　　　　　　　　　　　　　　　　　　　　　E-mail: gshavitz@shavitzlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　Keith M. Stern
　　　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 321000
　　　　　　　　　　　　　　　　　　　　　　　　E-mail: kstern@shavitzlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　Susan H. Stern, Esquire
　　　　　　　　　　　　　　　　　　　　　　　　Florida Bar No. 0857726
　　　　　　　　　　　　　　　　　　　　　　　　Email: sstern@shavitzlaw.com
　　　　　　　　　　　　　　　　　　　　　　　　SHAVITZ LAW GROUP, P.A.
　　　　　　　　　　　　　　　　　　　　　　　　1515 S. Federal Highway, Suite 404
　　　　　　　　　　　　　　　　　　　　　　　　Boca Raton, Florida 33432
　　　　　　　　　　　　　　　　　　　　　　　　Telephone: (561) 447-8888
　　　　　　　　　　　　　　　　　　　　　　　　Facsimile:  (561) 447-8831
　　　　　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

　　　　　　　　　　　　　　　　　　　　　　　　**s/KEITH M. STERN**
　　　　　　　　　　　　　　　　　　　　　　　　Keith M. Stern

**SERVICE LIST**
**Deanna Holmes v. Quest Diagnostics Incorporated**
**CASE NO.: 11-80567-CIV-WILLIAMS**
**United States District Court, Southern District of Florida**

Kelly H. Kolb, Esquire
Florida Bar No. 0343330
Heather B. Brock, Esquire
Florida Bar No.: 0003182
FOWLER WHITE BOGGS P.A.
1200 East Las Olas Boulevard, Suite 400
Fort Lauderdale, Florida 33301
Telephone: (954) 703-3930
Facsimile: (954) 707-4548
Email: *hbrock@fowlerwhite.com*
Email: *kelly.kolb@fowlerwhite.com*
Attorneys for Defendant, QUEST DIAGNOSTICS INCORPORATED
Served via CM/ECF