UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80567-CIV-WILLIAMS/HOPKINS

DEANNA HOLMES, on her own behalf and
others similarly situated,

    Plaintiff,

v.

QUEST DIAGNOSTICS, INCORPORATED,
a Delaware Corporation,

    Defendant.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION
## AND REQUIRING RESPONSE TO MOTION TO DISMISS

This MATTER is before the Court on Plaintiffs' Motion for Reconsideration [D.E. 107] of this Court's Order Denying Conditional Class Certification ("Order") [D.E. 102], and Defendant's Response [D.E. 111]. The Court held a hearing on the motion on August 13, 2012 [D.E. 108, 112].

As explained at the hearing, and as is clear from the text of the Order, this Court denied conditional class certification primarily because, even under the lenient stage-one standard, the carbon-copy Declarations submitted by the Plaintiff were "conclusory and lack[ed] the detail consistently required by binding Eleventh Circuit precedent." [D.E. 102 at 3-7]. After elaborating on that point for several paragraphs, the Court then noted that "[a]dditional reasons support[ed] the denial of the Plaintiffs' motion," one of which was that "discovery had been ongoing for six months, and courts have more 'carefully considered' the Parties' evidence at the initial stage where such extensive discovery has been conducted." [*Id.* at 6 (alteration omitted)]. The Plaintiffs seize on

1

that one sentence, arguing that they did not in fact have the benefit of class discovery due to the Defendant's motion practice and obstruction. However, and as explained at the hearing, even assuming *arguendo* that the Plaintiffs are correct about the state of discovery, that would not affect this Court's denial of conditional class certification. Again, that denial was predicated on the Plaintiffs' boilerplate Declarations, and discovery from the Defendants would not enhance the Plaintiffs' ability to provide more detailed Declarations setting forth their own experiences with the Defendant. The Plaintiffs fail to recognize this critical point in their 15-page reconsideration motion. Indeed, only once in that motion do they even acknowledge that this Court found their Declarations lacked the requisite detail [D.E. 107 at 12 n.8], and none of their remaining arguments warrant reconsideration of that finding. Moreover, when this Court focused on that deficiency at the hearing, the Plaintiffs simply reiterated their argument about class discovery.

Accordingly, the Plaintiffs' motion for reconsideration is **DENIED**. The Plaintiffs are **ORDERED** to respond to the Defendant's motion to dismiss [D.E. 104] by no later than 5:00 p.m., August 31, 2012.

DONE AND ORDERED in Chambers, in Miami, Florida this 15 day of August, 2012.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

2